**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SOCIÉTÉ DES AUTEURS, COMPOSITEURS ET ÉDITEURS DE MUSIQUE,** | |
| **and** | **Civil Action No. 1:20-cv-02183** |
| **SOCIÉTÉ POUR L'ADMINISTRATION DU DROIT DE REPRODUCTION MECANIQUE DES AUTEURS, COMPOSITEURS ET ÉDITEURS,** | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | |
| **v.** | |
| **JOHN DOE d/b/a/ PLIXID.COM,** | |
| **Defendant.** | |

## JOINT MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT ON COUNT I

Plaintiffs Société des Auteurs, Compositeurs et Éditeurs de Musique ("SACEM") and Société Pour L'Administration du Droit de Reproduction Mecanique des Auteurs, Compositeurs et Éditeurs ("SDRM") (collectively "Plaintiffs") and John Doe d/b/a PLIXID.COM ("Defendant") jointly move for entry of judgment against Defendant on Count I, and the entry of the Consent Judgment filed as Exhibit A to this Joint Motion.

The parties have settled this case. Pursuant to the settlement, the parties jointly move this Court to enter judgment against Defendant on Count I of the Complaint (direct copyright infringement). The parties have prepared the Consent Judgment filed with this Joint Motion and request that this Court enter the Consent Judgment. Pursuant to the settlement, each party is to bear its own fees and costs.

Contemporaneously with the filing of this Joint Motion, and pursuant to Fed.R.Civ.P. 41(a)(1), Plaintiffs are filing a Notice of Dismissal of Count II (contributory copyright infringement) and Count III (vicarious copyright infringement) of the Complaint. The dismissal is without prejudice.

Respectfully submitted,

Date: August 14, 2020

*/s/Philip A. Jones*
Philip A. Jones (Illinois Bar No. 6217213)
Valerie Galassini (Illinois Bar No. 6332698)
Barnes & Thornburg LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606-2833
Phone: 312-357-1313

Attorneys for Plaintiffs

Date: August 14, 2020

/s/Ilya G. Zlatkin
Ilya Zlatkin (Illinois Bar No. 6314344)
Zlatkin Wong LLP
4245 N. Knox Avenue
Chicago, IL 60641
Phone: 312-809-8022

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 14, 2020, a copy of the foregoing document was filed electronically with the Northern District of Illinois, and that notice of this filing is being served on Defendant's counsel through operation of the Court's ECF system as indicated on the electronic filing receipt.

/s/ *Philip A. Jones*_____

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SOCIÉTÉ DES AUTEURS, COMPOSITEURS ET ÉDITEURS DE MUSIQUE,** | |
| **and** | **Civil Action No.** |
| **SOCIÉTÉ POUR L'ADMINISTRATION DU DROIT DE REPRODUCTION MECANIQUE DES AUTEURS, COMPOSITEURS ET ÉDITEURS,** | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | |
| **v.** | |
| **JOHN DOE d/b/a/ PLIXID.COM,** | |
| **Defendant.** | |

**CONSENT JUDGMENT**

On April 7, 2020, Plaintiffs Société des Auteurs, Compositeurs et Éditeurs de Musique ("SACEM") and Société Pour L'Administration du Droit de Reproduction Mecanique des Auteurs, Compositeurs et Éditeurs ("SDRM") (collectively "Plaintiffs") filed its Complaint For Copyright Infringement against John Doe d/b/a PLIXID.COM ("Defendant"). (Dkt. No. 1.)

On April 22, 2020, Plaintiffs filed their Motion for Preliminary Injunction. (Dkt. No. 9.) This Court has not ruled on the Motion for Preliminary Injunction.

On May 14, 2020, Defendant's counsel filed an appearance in this Action. (Dkt. No. 14.) On May 27, 2020, Defendant's counsel accepted service of the summons in this Action. Defendant has not answered or responded to the Complaint and has not formally responded to the Motion for Preliminary Injunction.

2

Plaintiffs and Defendant have settled this Action. As part of the settlement, Plaintiffs and Defendant stipulate to the entry of this Consent Judgment to resolve all matters between them in dispute. Defendant denies liability in connection with the Action.

## **FINDINGS OF FACT**

1. This Court has jurisdiction over this matter.

2. For purposes of this Action only, Defendant does not contest that this Court has personal jurisdiction over Defendant.

3. This Action involves allegations of copyright infringement arising under the United States Copyright Act, 17 U.S.C. §§ 101, et seq., relating to the website at www.plixid.com ("Website") controlled and operated by Defendant. Specifically, Plaintiffs assert that Defendant has infringed the copyrights controlled by them in a collection of musical works ("Infringed Works"). This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1338(a).

4. Plaintiffs are non-profit civil companies organized under the laws of the French Republic and have a principal place of business at Neuilly-Sur-Seine, France. SACEM is a French collective management organization owned and managed by its members, primarily authors, composers and music publishers.

5. SACEM's main mission is to collect and distribute copyright royalties in its members' works. SACEM has approximately 170,000 members, representing 170 nationalities, and 4,200,000 works, including musical works. SACEM has the exclusive right to authorize or prohibit the exploitation of the public performance rights and the "Mechanical Reproduction Rights" in the works from its repertoire, and has the ability to bring copyright enforcement actions in the works in its repertoire.

This includes the rights to reproduce, distribute and perform sound recordings publicly by means of digital audio transmission.

6. SDRM manages and exercises the Mechanical Reproduction Rights of works in the repertoire of SACEM, including the Infringed Works. SACEM is a shareholder of SDRM and has exclusively assigned to SDRM the management of the Mechanical Reproduction Rights of the works in SACEM's repertoire.

7. Plaintiffs believe the Infringed Works are original works of authorship and are fixed in a tangible means. Some of the Infringed Works have U.S. copyright registrations. The remainder are protected under French copyright law which does not have a formal registration process.

8. Defendant is an individual who resides outside of the United States. Plaintiffs have been made aware of Defendant's identity by Defendant's counsel.

9. The Website is fully interactive and commercial. The Website is accessible and operational within this District. Defendant is not authorized to reproduce and/or distribute any of the Infringed Works. An appreciable number of U.S. consumers access the Website.

10. Users can play and download music files through the Website which are substantially similar to, and unauthorized copies of, the Infringed Works. Plaintiffs hired a private investigator who accessed the Website and went through the download process for a number of the Infringed Works. The private investigator was able to stream lengthy "previews" of a number of works on the Website. On the Website, Defendant promoted "FREE DOWNLOAD LINKS," providing clickable links. Plaintiff's private investigator clicked through on several links provided on the Website. The

4

private investigator was then taken to third party websites Novafile.com,

Rapidgator.com, or Uploaded.net where the private investigator downloaded several

recordings of songs listed among the Infringed Works.

11. Defendant has financially benefitted from the Website's activity.

12. Upon receipt of notice of this Action and the Preliminary Injunction Motion,

Defendant shut down the Website out of an abundance of caution.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction over this action because it arises under the

U.S. Copyright Act, 17 U.S.C. §§ 101, et seq. This Court has original jurisdiction

over this action pursuant to 28 U.S.C. § 1338(a).  This Court has personal jurisdiction

over Defendant and venue is proper in this District.  Fed. R. Civ. P. 4(k)(2).

2. Defendant has directly infringed the copyrights in the Infringed Works. Copyright

infringement requires a showing of "(1) ownership of a valid copyright, and (2) the

unauthorized use of constituent elements of the work that are original." *Feist Publ'ns,*

*Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *JCW Invs., Inc. v. Novelty,*

*Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). The statute provides that infringement occurs

when someone "violates any of the exclusive rights of the copyright owner." 17

U.S.C. § 501(a); *see S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir.

1989) ("Copying" means infringing one of the exclusive rights enumerated in Section

106 of the Copyright Act.)

3. Plaintiffs are legal and/or beneficial owners of the copyrights in the Infringed Works.

Section 501(b) of the Copyright Act provides the "legal or beneficial owner of an

exclusive right under a copyright is entitled" to bring a claim for infringement of that

particular right. 17 U.S.C. § 501(b). An exclusive licensee is a "beneficial owner." *Smith v. Casey*, 741 F.3d 1236, 1242-43 (11th Cir. 2014); *Poindexter v. EMI Record Grp. Inc.*, No. 11 Civ. 559, 2012 WL 1027639, at *3 (S.D.N.Y. Mar. 27 2012).

4. A U.S. copyright registration is not necessary in this case because Plaintiffs assert copyrights in musical works protected under the laws of the French Republic. Nevertheless, there are U.S. copyright registrations for some of the Infringed Works. Recently the Supreme Court clarified that, under Section 411(a) of the Copyright Act, a copyright registration is needed in order to file a complaint for copyright infringement, *but not when the plaintiff is asserting copyright in a foreign work*. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 891 (2019); *c.f.*, 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright *in any United States work* shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.") (emphasis added). Justice Ginsburg wrote that "Congress removed foreign works from § 411(a)'s dominion in order to comply with the Berne Convention for the Protection of Literary and Artistic Works' bar on copyright formalities for such works." *Fourth Estate*, 139 S. Ct. at 891, citing § 9(b)(1), 102 Stat. 2859.

5. Defendant has directly infringed the copyrights in the Infringed Works by reproducing and posting lengthy sections of such works on its Website that are performed publicly by means of a digital audio transmission, all without permission of Plaintiffs. *See* 17 U.S.C. § 106; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003) ("making and transmitting a digital copy of the music, infringes copyright;" affirms grant of preliminary injunction). A work is performed publicly

when it is transmitted "to the public, by means of any device or process…" 17 U.S.C. §101; *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431, 436 (2014). "Public" means "a large number of people who are unrelated and unknown to each other." *Id.* at 448.

6.  Plaintiffs have suffered irreparable harm as a result of the Website, and a permanent injunction is necessary to ensure that Defendant does not resume its activity. Without an injunction, Defendant's actions prevent Plaintiffs "from controlling the distribution of their products and recovering associated profits." *McGraw-Hill*, 323 F. Supp. 3d at 500 (irreparable harm found); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007) (Defendant's inducement of copyright infringement irreparably harms the "very ability to enforce [Plaintiff's] exclusive rights.").

7.  The harm to Plaintiffs outweighs any harm to Defendant if this Court issues a permanent injunction. A permanent injunction will impact Defendant by curtailing its activity through the Website. However, Defendant brought this harm upon itself when it launched the Website. When assessing the relative impact of the harms, the Court should exclude the burden defendant "voluntarily assumed by proceeding in the face of known risk." *Lettuce Entertain You Enters., Inc.*, 703 F. Supp. 2d 777, 791 (N.D. Ill. 2010) (quoting *Ty*, 237 F.3d at 903) (infringer's "claim of irreparable harm rings hollow" because it knew of the "potential consequences" of using plaintiff's mark).

8.  The public interest is served by the issuance of a permanent injunction. It fosters and rewards the development of musical creativity and the lawful exercise of free

expression through the copyright laws, and by protecting the Infringed Works from further activity by Defendant. *See Metro-Goldwyn-Mayer*, 518 F. Supp. 2d at 1222.

9.  It is therefore ordered that Defendant will (a) permanently shut down, (b) not advertise or promote, and (c) not resume use of either the Website or any social media platform associated with the Website.  Defendant will not in the future participate in, host, own, operate or be connected with in any way another website, social media platform, or other electronic location that: (i) copies, streams, and/or publicly performs copyrighted musical content from the SACEM repertoire, or (ii) provides links for users to click through to another website where copyrighted musical content from the SACEM repertoire may be copied, is streamed, or publicly performed.

10. Subject to the terms of the Settlement Agreement between the Parties, Plaintiffs and Defendant shall bear their own costs and attorney fees.

Date: _____          _____
                             U.S. District Court Judge


Date: August 14, 2020        */s/ Philip A. Jones*
                             Philip A. Jones (Illinois Bar No. 6217213)
                             Valerie Galassini (Illinois Bar No. 6332698)
                             Barnes & Thornburg LLP
                             One North Wacker Drive
                             Suite 4400
                             Chicago, IL 60606-2833
                             Phone: 312-357-1313

                             Attorneys for Plaintiffs


Date: August 14, 2020        */s/ Ilya Zlatkin*
                             Ilya Zlatkin (Illinois Bar No. 6314344)
                             Zlatkin Wong LLP
                             4245 N. Knox Avenue
                             Chicago, IL 60641
                             Phone: 312-809-8022

                             Attorneys for Defendant